UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES of AMERICA,

       Plaintiff,

v.                                                    Case No. 09-CV-867

DYKEMAN FAMILY CORPORATION, and
MICHAEL K. DYKEMAN

       Defendants.
_____

## ORDER

On September 10, 2009, plaintiff filed a Complaint against defendants seeking a permanent injunction and other relief. On September 11, 2009, plaintiff filed a Motion for Preliminary Injunction. On October 29, 2009 (after entry of a stipulated order for extension of time to answer), defendants filed an Answer to plaintiff's Complaint. However, at no point did defendants file a response to plaintiff's Motion for Preliminary Injunction. On November 3, 2009, due to the lack of consent of the parties, this case was transferred from the magistrate judge to this court. Thus, the court will herein address plaintiff's unopposed Motion for Preliminary Injunction.

Plaintiff, in its brief in support of its motion, as well as in the affidavit of Internal Revenue Service ("IRS") officer Mary Ann Otto, presents argument and evidence alleging that defendant Dykeman Family Corporation ("the Corporation") – of which Michael Dykeman ("Dykeman") is the president, resident agent, and sole owner – has repeatedly failed to pay to the IRS: 1) its employees' withheld income taxes; 2) its employer's share of Form 941 employment taxes ("FICA"); and 3) its

employer's share of Form 940 unemployment taxes ("FUTA"). (Pl. Br. Supp. Mot. Prelim. Injunct'n, Attach. 1, Otto Aff. ¶¶ 7-9). Plaintiff now seeks a preliminary injunction, pursuant to 26 U.S.C. § 7402, which authorizes district courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws[,]" and which states that such remedy is "in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws." 26 U.S.C § 7402(a). Plaintiff moves the court pursuant to § 7402 to enter a preliminary injunction requiring defendants to:

(1) Deposit withheld FICA and income taxes, as well as the employer's share of FICA taxes of the Corporation, in an appropriate federal depository bank in accordance with federal deposit regulations;

(2) Deposit the Corporation's FUTA taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

(3) Sign and deliver to a designated IRS officer on the first day of each month an affidavit stating that the requisite withheld income, FICA and FUTA tax deposits were timely made;

(4) Timely file all of the Corporation's federal employment and unemployment returns (including Forms 940 and 941) with the IRS;

(5) Timely pay all required outstanding liabilities due with each tax return at the time the return is filed;

(6) Be prohibited from making any disbursement or assigning any property from the date of payment of any wages until the amounts which are required to be withheld from the payment of those wages and the employer's share of FICA taxes related to those are wages are paid to the IRS; and

2

> (7) Notify the IRS of any new company, entity or business that either defendant may come to own, manage or be employed by during the course of this litigation.

(Pl. Mot. Prelim. Injunct'n at 1-2). Thus, plaintiff's motion essentially seeks to require defendants to comply with pre-existing obligations imposed by the Internal Revenue Code ("IRC").

Typically, in order to secure a preliminary injunction, a movant must satisfy four traditional equitable standards: 1) that the movant is reasonably likely to succeed on the merits; 2) that the movant is experiencing irreparable harm that exceeds any harm the injunctee would suffer if the injunction issued; 3) that the movant lacks an adequate remedy at law; and 4) that the injunction would not harm the public interest. *Coronado v. Valleyview Public School Dist. 365 -U*, 537 F.3d 971, 794-95 (7th Cir. 2008). The court notes that in the instant case, plaintiff has satisfied each of these elements, but that doing so is not necessary because an injunction issued pursuant to § 7402 derives from the court's statutory authority, not its equitable powers. *See Burlington N.R. Co. v. Dep't of Revenue,* 934 F.2d 1064, 1074-5 (9th Cir.1991); *In re Dow Corning Corp.*, 280 F.3d 648, 657-58 (6th Cir. 2002); *CSC Holdings, Inc. v. J.R.C. Products Inc.*, 158 F. Supp. 2d 798, 815 (N.D. Ill. 2001) ("When express authority for issuance of 'statutory' injunctions is provided by legislative enactment, an injunction may issue without resort to the traditional 'equitable' prerequisites of such relief.") (rev'd on other grounds *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988 (7th Cir. 2002)); *Duke v. Uniroyal, Inc.*, 777 F. Supp. 428,

3

432-3 (E.D. N.C. 1991). Pursuant to § 7402, it is sufficient that plaintiff demonstrate that an injunction is "necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).

Upon consideration of the evidence presented in the affidavit of IRS officer Otto, as well as the defendants' lack of response, the court finds that plaintiff has sufficiently shown, for purposes of the instant motion, that defendant has violated various sections of the IRC, and that a preliminary injunction is necessary to prevent further similar violations.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Preliminary Injunction (Docket #2) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the defendants, Dykeman Family Corporation and Michael Dykeman, be and the same are hereby ordered to:

(1) Deposit withheld FICA and income taxes, as well as the employer's share of FICA taxes of the Corporation, in an appropriate federal depository bank in accordance with federal deposit regulations;

(2) Deposit the Corporation's FUTA taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

(3) Sign and deliver to a designated IRS officer on the first day of each month an affidavit stating that the requisite withheld income, FICA and FUTA tax deposits were timely made;

(4) Timely file all of the Corporation's federal employment and unemployment returns (including Forms 940 and 941) with the IRS;

(5) Timely pay all required outstanding liabilities due with each tax return at the time the return is filed;

(6) Be prohibited from making any disbursement or assigning any property from the date of payment of any wages until the amounts which are required to be withheld from the payment of those wages and the employer's share of FICA taxes related to those are wages are paid to the IRS; and

(7) Notify the IRS of any new company, entity or business that either defendant may come to own, manage or be employed by during the course of this litigation.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge